IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02972-CBS

MARQUISE D. HARRIS,

    Plaintiff,

v.

THE CITY & COUNTY OF DENVER,
DENVER SHERIFF'S,
DENVER DEPARTMENT OF SAFETY,
RAYMOND N. SATTER, and
CLERK KIM,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Marquise D. Harris, has filed *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. He seeks damages and unspecified injunctive relief.

The court must construe the Complaint liberally because Mr. Harris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harris will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Complaint and finds that the Complaint is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

     Mr. Harris claims in the Complaint that his constitutional rights were violated when he was falsely imprisoned in Denver, Colorado. Mr. Harris specifically alleges that he was seized without probable cause or a warrant and denied release on bail after posting a bond. However, he fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to allege specifically what each Defendant did that allegedly violated his constitutional rights. Mr. Harris is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her;

and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The court emphasizes that personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Harris must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To the extent Mr. Harris may be naming supervisory officials as defendants, the court notes that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege

and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Finally, because Mr. Harris has named a municipal entity as a Defendant, the court notes that a municipality also may not be held liable on a theory of respondeat superior. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). In order to state a claim against a municipal entity, Mr. Harris must identify a municipal policy or custom that caused the alleged violations of his rights. *See Dodds*, 614 F.3d at 1202 (discussing Supreme Court standards for municipal liability). Accordingly, it is

ORDERED that Mr. Harris file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Harris shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Harris fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED November 15, 2012, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge